[Cite as *Ezsol v. Ohio Dept. of Transp.*, 2011-Ohio-3539.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HOLLY EZSOL

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-09850-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Holly Ezsol, filed this action against defendant, Department of Transportation (ODOT), contending her 2003 Volkswagen Passat was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous roadway condition in a construction area on US Route 27 in Oxford, Ohio. Plaintiff explained the front end of her car was damaged when the vehicle "bottomed out" as she turned from US Route 27 where the roadway surface had been milled in preparation for repaving into the driveway entrance at her place of work "Square D5735 College Corner Pike, Oxford OH 45056." Plaintiff further explained the ODOT contractor John R. Jurgensen Company (Jurgensen) "put some blacktop down right where we would pull (our car) into our work but there was a low spot where the blacktop wasn't meeting up with the blacktop they put down" and the 2003 Volkswagen Passat was damaged when the automobile traveled over this transition area. Plaintiff recalled her property damage incident occurred on July 20, 2010 at approximately 5:00 a.m. In her complaint, plaintiff requested damages in the amount of $203.89, the total cost of replacement parts and repair expense. The filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 2} Defendant acknowledged the roadway area where plaintiff's described incident occurred was within the limits of a working construction project under the control of ODOT contractor, John R. Jurgensen Company (Jurgensen). Defendant explained the particular construction project "dealt with minor widening of US 27 from Melanee Lane/merryday Drive to the north corporation line (Ringwood Road) in the City of Oxford in Butler County." According to defendant, the described location of plaintiff's incident at her work address "places her near milepost 19.13 (on US Route 27) which is within the project limits." Defendant related the roadway construction work performed by Jurgensen on US Route 27 included "adding a center turn lane, curb and gutter, storm drainage, sidewalks, street lighting and signal improvements." Defendant asserted that this particular construction project was under the control of Jurgensen and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Jurgensen, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Jurgensen is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove her damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Also evidence has been submitted to establish that ODOT personnel were present on site conducting inspection activities and supervising the project.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the

burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant had the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant denied that either ODOT or Jurgensen had "notice of the driveway on US 27 prior to plaintiff's incident." Defendant pointed out that ODOT records "indicate that no calls or complaints were received at the Butler County Garage regarding the driveway in question prior to" the incident described by plaintiff. Defendant submitted "Daily Diary Report(s)" from ODOT Project Supervisor, Ronald Young, who chronicled work performed by Jurgensen during the days preceding plaintiff's incident. The "Daily Diary Report(s)" from July 15, 2010 through July 20, 2010 noted Jurgensen milled and planed the roadway surface as well as performed work on driveway entrances abutting US Route 27. Defendant denied receiving any complaints regarding any driveway entrance during the time period work was performed.

{¶ 6} Defendant submitted a letter from Jurgensen Safety Manager, Travis

Roberts, responding to plaintiff's claim her car was damaged by a created hazardous condition at the driveway entrance of her work place. Roberts wrote: "All drives/access points were installed, clearly marked and maintained per specifications." Also, according to Roberts, "[n]o other claims are on file in regards to drives/access points." Roberts advised the drives/access points were properly maintained in accordance with ODOT specifications. Roberts attached photographs "of the location" with his letter. One photograph apparently depicts the driveway entrance to plaintiff's place of work from US Route 27. From a review of the photograph the trier of fact finds an extremely hazardous roadway condition is shown at the driveway entrance from US Route 27.

{¶ 7} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to her vehicle was directly caused by construction activity of ODOT's contractor prior to July 20, 2010. Additionally, the submitted photographic evidence depicting the uneven pavement condition and surface deviation between the edge of the driveway approach and the milled, planed portion of US Route 27 clearly shows a created hazardous condition.

{¶ 8} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. This court, as trier of fact, determines questions of proximate causation.

*Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 9} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462. Sufficient evidence to prove that a known hazardous condition existed on the roadway after ODOT specified operations were performed and that neither ODOT nor its agents timely corrected the condition. Plaintiff has proven her damage was proximately caused by negligent acts and omissions on the part of ODOT onsite personnel and ODOT's agents. See *Costello v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-06052-AD, 2009-Ohio-7157; *Comb v. Ohio Dept. of Transp.*, 2009-08756-AD. Therefore, defendant is liable to plaintiff in the amount of $203.89, the total cost of automotive repair, plus the $25.00 filing fee, which may be awarded as costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HOLLY EZSOL

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-09850-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $228.89, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Holy Ezsol
305 ½ West Union Street
Liberty, Indiana 47353

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
2/23
Filed 4/7/11
Sent to S.C. reporter 7/8/11